IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

AUG - 3 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

FRED PHILLIP WILLS, JR.,
    Petitioner,

v.

Criminal No. 2:10cr129
Civil No. 2:12cv104

UNITED STATES OF AMERICA,
    Respondent.

## OPINION AND ORDER

Presently before the Court is Petitioner Fred Wills' ("Petitioner") Supplemental Motion to Vacate, Set Aside, or Correct Sentence By a Person in Federal Custody ("Motion to Vacate"), filed pursuant to 28 U.S.C. § 2255 on July 2, 2012 (Docket No. 131). Although Petitioner titled his motion as a supplement to his 2255 petition before this Court, the Court finds that Petitioner's motion is actually a second motion for reconsideration of his Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c). In fact, the present motion before the Court is nearly identical in wording and argument to the Motion for Reconsideration Petitioner also filed on July 2, 2012 (Docket No. 132). The Court denied Petitioner's first motion for reconsideration on July 6, 2012, and for the reasons set forth again herein, the Court hereby **DENIES** Petitioner's second motion for reconsideration.

On December 5, 2011, Petitioner submitted a Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c) to reduce his sentence based on the passage of the Fair Sentencing Act ("FSA"), which was signed into law on August 3, 2010. Pub. L. No. 111-220, 124 Stat. 2372 (Aug. 3, 2010). Inter alia, the FSA reduced the crack-cocaine-to-powder-cocaine sentencing disparity from a ratio of 100-to-1 to a ratio of 18-to-1. Id. On December 21, 2011, this Court

entered an Order denying Petitioner's Motion on the grounds that Petitioner's base offense level under the Sentencing Guidelines was a level 38 both before and after Amendment 750 was applied, and thus that Amendment 750 did "not have the effect of lowering the defendant's applicable guideline range," as required for relief under § 3582(c)(2).[1]

Petitioner now seeks to reopen the inquiry into his sentence based upon the recent decision in *Dorsey v. United States*, 567 U.S. ___ (2012), in which the Supreme Court held that the provisions of the FSA pertaining to mandatory minimum sentences apply to defendants who committed a crack cocaine offense before the FSA went into effect but were sentenced after its effective date of November 1, 2010. However, the Court did apply Amendment 750 to Petitioner's case, despite the fact that his crack cocaine-related offenses were committed before the FSA went into effect. The Court simply found that application of Amendment 750 had no bearing on Petitioner's guideline range. Therefore, *Dorsey* is inapplicable to Petitioner, and Petitioner's Second Motion for Reconsideration is hereby **DENIED**.

The Clerk is **DIRECTED** to deliver a copy of this Order to Petitioner, to counsel for Petitioner (if any), to the United States Attorney, to the United States Probation Officer, and to the Federal Bureau of Prisons.

It is so **ORDERED**.

August 3, 2012

Norfolk, Virginia

/s/
Robert G. Doumar
Senior United States District Judge

---

[1] Petitioner was attributed with 383.13535 kilograms of cocaine, 84 grams of cocaine base, and 12.78117 kilograms of marijuana. At the time of his sentencing on February 28, 2011, these drug weights were converted to 78,319.85117 kilograms of marijuana, which corresponded to a base offense level of 38. Petitioner received a two-level enhancement for possession of a firearm, a four-level enhancement for his role in the offense, and a three-level reduction for acceptance of responsibility, resulting in a total offense level of 41. After application of Amendment 750, the drug weights with which Petitioner was attributed are converted to 76,939.815 kilograms of marijuana, which corresponds to a base offense level of 38. Therefore, Amendment 750 does not have the effect of lowering Petitioner's guideline range, and no reduction of sentence is warranted pursuant to 18 U.S.C. § 3582(c)(2).